## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**, | Case No. 3:20-cv-882-SI |
| Appellant, | (Bankr. Ct. Case No. 16-33185-pcm7) |
| v. | **OPINION AND ORDER** |
| **INTERNAL REVENUE SERVICE**, | |
| Appellee. | |

Peter Szanto. Appellant *Pro Se*.

David A. Hubbert, Acting Assistant Attorney General and Boris Kukso, Trial Attorney, Tax Division, U.S. DEPARTMENT OF JUSTICE, P.O. Box 683, Washington, D.C. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

This case comes to the District Court as an appeal from orders issued by the U.S. Bankruptcy Court for the District Oregon. Appellant Peter Szanto appeals the Bankruptcy Court's overruling of Appellant's objection to the United States' Department of the Treasury, Internal Revenue Services (IRS)'s Proof of Claim and order denying Appellant's motion for reconsideration. For the reasons below, the Court holds that the Bankruptcy Court did not err in overruling the objection and allowing the Proof of Claim and denying the motion for reconsideration, and the Court affirms the decisions below.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

"A district court reviews a bankruptcy court's decision to allow or deny a proof of claim for an abuse of discretion." *In re Hawaiian Airlines, Inc.*, 386 B.R. 251, 255 (D. Haw. 2008), *aff'd sub nom. Konop v. Hawaiian Airlines, Inc.*, 401 F. App'x 260 (9th Cir. 2010); *see also In re Kittusamy, LLP*, 2017 WL 957152, at *2 (B.A.P. 9th Cir. Mar. 10, 2017) ("A bankruptcy court's order allowing or disallowing a proof of claim, including an administrative claim, is reviewed for abuse of discretion."). "A bankruptcy court's denial of a motion for reconsideration of an allowance or disallowance of a claim under § 502(j) and Rule 3008 is reviewed for an abuse of discretion." *In re Consol. Pioneer Mortg.*, 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995), *aff'd sub nom. In re Consol. Pioneer Mortg. Entities*, 91 F.3d 151 (9th Cir. 1996).

"A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (simplified); *see also In re Taylor*, 599 F.3d 880, 887-88 (9th Cir. 2010) ("If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion."); *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc) ("Today, after review of our cases and relevant Supreme Court precedent, we re-state the 'abuse of discretion' standard of review of a trial court's factual findings as an objective two-part test. As discussed below, our newly stated 'abuse of discretion' test requires us first to consider whether the [trial] court identified the correct legal standard for decision of the issue before it. Second, the test then requires us to determine whether the [trial] court's findings of fact, and its application of those findings of fact

to the correct legal standard, were illogical, implausible, or without support in inferences that may be drawn from facts in the record.").

## BACKGROUND

On August 16, 2016, Appellant filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. This started Bankruptcy Case No. 16-bk-33185-pcm11. The Bankruptcy Court later converted that case, over Appellant's objection, to a proceeding under Chapter 7 (changing the case number to 16-bk-33185-pcm7).

On or around November 10, 2016, the IRS submitted Proof of Claim 3-1 in the bankruptcy proceedings, claiming it was owed $74,746.54 by Appellant for tax years 2007, 2009, and 2010. This claim was amended approximately 20 times, after Appellant made routine payments. At some point, the IRS filed Proof of Claim 3-21, which apparently asserted that Appellant owed the IRS $65,662.54.[1] On September 5, 9, and 13, 2019, Appellant filed objections to Proof of Claim 3-21. Appellant argued that the tax liabilities for tax years 2007, 2009, and 2010 had been paid in full. The United States responded to the objection, noting that the IRS had amended its Proof of Claim on September 12, 2019, and submitted Proof of Claim 3-22. That Proof of Claim removed the 2010 tax liability and reduced the requested amount to $24,937.08, for tax years 2007 and 2009. The United States also contended that Appellant's objection should be denied for lack of evidence that the 2007 and 2009 tax liabilities were paid in full. IRS Proof of Claim 3-22 asserted a priority claim of $2,960.17 based on tax and interest on tax for the 2009 tax year (assessed on November 28, 2016) and unsecured general claims totaling $21,976.91, comprised of (1) tax, interests on tax, penalties, and interest on

---

[1] No copy of this Proof of Claim is in the record, but Appellant objected to this Proof of Claim and lists $65,662.54 as the requested amount.

penalties for 2009 and (2) interest, penalties, and interest on penalties for 2007. There was no tax due for the 2007 tax year.

The Bankruptcy Court held a hearing on November 5, 2019. The Bankruptcy Court overruled Appellant's objection on all grounds except whether the 2007 and 2009 tax liabilities had been paid in full. The Bankruptcy Court allowed Appellant 28 days to provide supplemental evidence as to payment of those debts. On December 3, 2019, Appellant filed his response.

On March 5, 2020, the Bankruptcy Court held an evidentiary hearing on Appellant's objection and took the matter under advisement. On March 19, 2020, the Bankruptcy Court held a hearing and issued an oral ruling on the record, overruling Appellant's remaining objection. The Bankruptcy Court found that the IRS claim was properly filed and is prima facie evidence of the validity and the amount of the claim, and that Appellant had not presented adequate evidence to rebut the claim's validity. The Bankruptcy Court subsequently entered a written order on March 31, 2020 overruling Appellant's objection. Appellant then filed a motion for a new trial, which the Bankruptcy Court construed as a motion for reconsideration under Bankruptcy Rule 3008. On April 20, 2020, the Bankruptcy Court denied the motion for reconsideration. On May 5, 2020, Appellant timely appealed the Bankruptcy Court's order overruling Appellant's objection and order denying his motion for reconsideration.

## DISCUSSION

Appellant contends that this appeal does not involve any questions of law, and only concerns the factual question of whether he paid income taxes that were due. Appellant argues that he has presented evidence that he or his now-deceased wife, Susan Szanto, paid all taxes due for both to 2007 and 2009 tax years for their jointly-filed tax returns, either through direct payments or by applying credits from overpayment of tax from other years. The Court considers the two-step process identified by the Ninth Circuit for considering whether the Bankruptcy

Court abused its discretion in overruling Appellant's objection. The Court then considers the Bankruptcy Court's decision in denying Appellant's motion for reconsideration.

**A.  Step One—Whether the Bankruptcy Court Applied the Correct Legal Standard**

Although Appellant does not focus his appeal on the Bankruptcy Court's legal analysis, the Court briefly reviews the Bankruptcy Court's application and conclusions of law. The Bankruptcy Court correctly identified the applicable legal standards and burden of proof. First, a properly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Second, the burden of proof is on the objecting party (Appellant in this case) to overcome the prima facie case, and the objecting party must produce evidence of equally probative value to rebut the presumption of validity. *See In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *In re Murgillo*, 176 B.R. 524, 529 (B.A.P. 9th Cir. 1995). Third, if the objecting party presents sufficient evidence to rebut the presumption of the validity of the claim, the ultimate burden of proof remains as it is under non-bankruptcy law. *See In re Garner*, 246 B.R. 617, 622 (B.A.P. 9th Cir. 2000). The Bankruptcy Court applied the correct legal standards.

**B.  Step Two—Factual Findings**

The Court next considers the Bankruptcy Court's application of the legal standards to the facts and whether the Bankruptcy Court's factual findings were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. The Court considers the arguments raised by Appellant—that each tax year was paid and that the IRS willfully spoliated evidence and caused emotional distress.

**1.  2007 Tax Year**

Regarding the 2007 tax year, Appellant argued to the Bankruptcy Court that the entirety of the 2007 tax year liability was paid in full. Appellant asserted that the IRS sent an express

agreement to Susan Szanto that all penalties were waived, which means that they were waived for Appellant because the filing was a joint tax return. Appellant also asserted that all amounts due were paid through ten $500 payments, providing what he contends was evidence of those payments, and by applying a tax credit from his 2017 tax return.

The IRS responded that upon Appellant's filing of his bankruptcy, the IRS "mirrored" the tax account, thereby separating the tax files of Appellant and Susan Szanto. Thus, the agreement to waive penalties applied to Susan Szanto but did not apply to Appellant. The IRS also responded that Appellant made six, and not ten, payments of $500. The IRS provided its own documentation, and an experienced IRS employee, Philip Kushner (Kushner), testified. Kushner explained why the evidence submitted by Appellant relating to the purported payments was suspect. Kushner also testified that the credit from the 2017 taxes was applied to Appellant's 2018 taxes and not his 2007 taxes, and provided evidence of such application.

The Bankruptcy Court rejected Appellant's arguments that nothing was due for 2007. First, the Bankruptcy Court noted that the IRS notice showing that the 2007 penalties were abated was solely addressed to Appellant's now-deceased wife, Susan Szanto. While Appellant testified that his own name was also in the notice but failed to print, the Bankruptcy Court did not find that statement credible. The Bankruptcy Court accepted Kushner's testimony that Appellant's joint 2007 account was separated into two "mirrored" accounts after Appellant filed for bankruptcy and the penalty was waived for Susan Santo and not Appellant. Kushner explained that if one spouse files for bankruptcy, the IRS "mirrors" a joint liability in two accounts to reflect the two spouses' different situations. *See, e.g.*, IRS Revenue Manual Pt. 25.15.15 (describing "mirror modules" and that they can be created by, among other things, the filing of a bankruptcy).

The Bankruptcy Court's findings were not illogical or without support in the record. Kushner described his experience with the mirroring procedure, which is not an unusual or unknown concept. *See, e.g.*, IRS Revenue Manual Pt. 25.15.15.; *Minihan v. Comm'r of Internal Revenue*, 138 T.C. 1, 4-5, n.5 (2012), *amended on reconsideration*, 2012 WL 3338426 (T.C. Feb. 17, 2012) (explicating that mirrored accounts enable pursuit of collection against one spouse while suspending it against the other spouse, while any payments collected from one spouse are credited to both mirrored accounts); *see also McElhaney v. Comm'r of Internal Revenue*, 651 F. App'x 256, 258 (5th Cir. 2016) (describing that the IRS set up "'mirrored' accounts" as part of the innocent spouse process). In this case, while the penalty was removed from Susan Szanto's tax account, the penalty remained in Appellant's mirrored tax account.

Second, the Bankruptcy Court rejected Appellant's evidence that his wife made ten $500 payments toward the 2007 liability. The Bankruptcy Court found Appellant's evidence not credible or trustworthy. The Bankruptcy Court considered Kushner's testimony that in his many years at the IRS as an employee, he had never seen any payment confirmation that resembled Appellant's exhibits. Kushner further explained that the purported IRS watermark was unfamiliar to him and the formatting of the document was unlike other payment confirmations he had seen. The Bankruptcy Court also found Appellant's exhibits on this matter questionable in their reliability and authenticity, including because they lack taxpayer name and social security number or other identifying information. The Bankruptcy Court noted that payment confirmations printed from a website, as the exhibits were purported to be, generally look like documents printed from a web browser. Appellant also did not provide other corroborating evidence, such as bank statements, that could form a more reliable basis to support his claim that the remaining four $500 payments were credited into his 2007 tax account. The Bankruptcy

Court's findings were not illogical, implausible, or without support in inferences that may be drawn from the facts in the record.

Lastly, the Bankruptcy Court also rejected Appellant's contention that he satisfied his 2007 liability based on a credit from his 2017 tax return. Appellant's Exhibit U (ECF 17-2 at 95-96) and IRS Exhibits 6 and 7 (ECF 17-3 at 119-23), however, reflect that Appellant applied the 2017 credit of $3,946 to his 2018 tax liability instead of the 2007 tax liability. This conclusion was further supported by Kushner's testimony that the IRS is prohibited from applying a post-petition tax credit to a pre-petition tax debt. The Bankruptcy Court did not err in concluding that Appellant's 2017 tax credit was applied to his 2018 tax liability.

The Court finds that Appellant has not met his burden to show that the Bankruptcy Court erred in its evaluation of the 2007 tax year. The Bankruptcy Court did not err in concluding that Appellant did not present adequate reliable evidence to overcome the prima facie evidence of the validity and amount of the IRS Claim. The Court thus upholds the Bankruptcy Court's rulings pertaining to the 2007 tax year.

**2.  2009 Tax Year**

Appellant disputes the Bankruptcy Court's conclusions regarding the 2009 tax year, claiming that he and his joint filing spouse paid it in full. First, Appellant argues that the total amount of the tax the IRS can collect is reflected in a Tax Court decision dated August 2, 2016. Appellant asserts that the IRS's claim in the bankruptcy exceeds the amount the IRS is entitled to collect. Second, Appellant asserts that he made six payments of $468 each, as well as a final payment of $638.76, to completely satisfy the liability established in the Tax Court decision.

The Tax Court in August 2016 concluded that Appellant and his wife owed a tax deficiency of $2,409, a penalty under 26 U.S.C. § 6651(a)(1) for failure to timely file a tax return in the amount of $555.96, and a penalty under 26 U.S.C. § 6662(a) for underpayment in the

amount of $481.80. Appellant argues that the total $3,446.76 imposed by the Tax Court is a fixed, sum certain amount that he and his wife owed for tax year 2009.

The Bankruptcy Court concluded that the Tax Court did not exempt Appellant from further interest or penalties decision. *See* 26 U.S.C. § 6601 (establishing that interest is due on all taxes imposed until paid). Appellant, however, argues that the IRS is improperly claiming a tax deficiency of $2,409 (assessed in 2016 after the tax court decision) *plus* a tax deficiency of $1,497 (assessed in 2012). The IRS argues that it can claim the $1,497 deficiency in addition to the $2,409 deficiency found by the Tax Court. The Bankruptcy Court, however, did not make such a determination. Indeed, the Bankruptcy Court findings appear to support Appellant's position. The Bankruptcy Court noted that the Tax Court "decides what amounts are due at the time of the decision." ECF 17-3 at 145. The Bankruptcy Court concluded that the Tax Court decision did not bar *future* interest, but appeared to conclude that the Tax Court resolved what was owed by Appellant as of the date of the Tax Court decision. Nonetheless, because the Bankruptcy Court did not expressly resolve the dispute about the full amount of the deficiency, the Court remands the issue for the Bankruptcy Court to consider.

Appellant also argues that the Bankruptcy Court erred in failing to accept Appellant's assertion and supporting evidence that he made six $468 payments and one $638.76 payment to pay the Tax Court assessed liability of $3,446.76. The Bankruptcy Court questioned the authenticity of the evidence that Appellant introduced. The Bankruptcy Court earlier in the bankruptcy proceedings had authorized Appellant to make monthly $468 payments to the IRS. The request by Appellant and the Bankruptcy Court order granting the request, however, did not identify the tax year for which the payments were to be applied. The Bankruptcy Court found Appellant's purported proof of payment not trustworthy. In particular, the Bankruptcy Court

found that the documents Appellant presented did not contain any taxpayer name or social security number, nor other identifying information to show to which accounts the purported payments relate. The Bankruptcy Court noted that these documents also did not have the background or other formatting like other payment confirmations Kushner had seen. Further, the Bankruptcy Court found more credible the IRS exhibit showing the same payment amount, $468, on the same date and with the same last four digits of the payment confirmation number, but from a different bank—the debtor-in-possession bank account used in the Chapter 11 bankruptcy proceedings. This payment was applied to the 2007 tax liability and not the 2009 tax liability. This bank statement was produced to the IRS in discovery. The Bankruptcy Court found it to be more credible than Appellant's exhibit purporting to show payment in the same amount, on the same date, with the same confirmation number, but from a different bank and to the IRS in payment tax year 2009. Appellant provided no other evidence supporting these purported payments, such as bank statements from the second bank, receipts printed at the time of payment, or otherwise. The Bankruptcy Court also noted that the IRS amended its Proof of Claim repeatedly to reflect the $468 payments on the 2007 tax liability and Appellant never objected that the payments were supposed to be applied to the 2009 tax liability. The Bankruptcy Court did not err in its assessment of this evidence.

### 3. Name Misspelling

Appellant additionally argues that the IRS maliciously and willfully inflicted emotional distress by intentionally altering his late wife's first name from "Susan" to "Sisam," alleging that such misspelling shows the IRS spoliated evidence and that the evidence is unreliable. Appellant also argues that the IRS transcripts included only the first four letters of his and his wife's first and last names, rendering them unreliable. The Bankruptcy Court accepted Kushner's testimony that the misspelling of Mrs. Szanto's first name was a typographical error that did not affect the

reliability of the IRS documents. The Bankruptcy Court also concluded that the use of only the first four letters of Appellant and his wife's names in the computer printout of the tax year transcripts appears to be a function of the program or, at most, a typographical error that does not affect the evidence's reliability or veracity. Appellant contends that the Bankruptcy Court's failure to act upon the alteration shows clearly erroneous analysis and adjudication.

The Court, having reviewed the relevant materials, finds no support for Appellant's allegation that the misspelling of Mrs. Szanto's name was intentional and malicious or renders the IRS's evidence unreliable. Nor does the printing of only the first four letters of the names in the tax transcripts render the IRS's materials unreliable. Kushner testified that the misspelling is a typographical error, and that he pulled the IRS transcripts using Appellant and his wife's social security numbers and did not have the ability to change taxpayers' names. He testified that personal identifiable information, including full names, may be partially or completely redacted on a transcript. Given Kushner's experience at the IRS, as well as his logical and plausible testimony, the Court agrees with Kushner and the Bankruptcy Court that the IRS' misspelling of Mrs. Szanto's first name was a typographical error and was not malicious or intentional. The Court finds that the IRS also did not maliciously or intentionally redact either Appellant or his wife's names, did not spoliate evidence, and there is no reason to find the evidence unreliable. Therefore, the Bankruptcy Court did not err in rejecting Appellant's arguments on these issues.

**C.  Motion for Reconsideration**

Appellant moved for reconsideration of the Bankruptcy Court's order overruling Appellant's objection, arguing that the "alteration" of Susan Szanto's name on the tax records required additional testimony. The Bankruptcy Court rejected this argument, concluding that the misspelling was known to Appellant before the hearing and thus Appellant could have conducted discovery before the hearing to obtain the testimony he needed.

Appellant also argued that he was not provided notice of Kushner as an expert witness as required under the Bankruptcy Rules. The Bankruptcy Court rejected this argument, concluding that Kushner did not testify as an expert witness, but instead testified as a fact witness.

Appellant further argued that adding post-judgment interest to the Tax Court's decision of the amount owed is an alteration of the Tax Court's order. The Bankruptcy Court concluded that because the Tax Court's decision was silent as to post-judgment interest, adding post-judgment interest was not an alteration of the Tax Court's order.

Considering Appellant's arguments for reconsideration and the Bankruptcy Court's decision, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Appellant's motion for reconsideration. The Bankruptcy Court applied the correct legal standard and its application of that standard to the facts was not illogical, implausible, or without support in inferences that may be drawn from the facts in the record.

## CONCLUSION

The Court AFFIRMS IN PART and REMANDS IN PART the decision of the Bankruptcy Court. The Bankruptcy Court's decision is affirmed, except the Court remands to the Bankruptcy Court the issue of whether the IRS may claim an additional deficiency of $1,497 for tax year 2009.

**IT IS SO ORDERED**.

DATED this 31st day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge